**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,              )<br>                                                       )<br>            Plaintiff,                        )<br>                                                       )<br>vs.                                                 )<br>                                                       )<br>Jesus Manuel Lopez-Martinez,     )<br>                                                       )<br>            Defendant.                     )<br>_____)  | No. CR 05-1019-1-PHX-ROS<br><br>**FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY AND ORDER** |

TO THE HONORABLE ROSLYN O. SILVER, U.S. DISTRICT JUDGE:

Upon Defendant's request to enter a plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearing before U.S. Magistrate Judge David K. Duncan on September 30, 2005 with the written consents of the defendant, counsel for the defendant, and counsel for the United States of America.

The Magistrate Judge accepted defendant's waiver of indictment after inquiry was made of the defendant as to his understanding of the right to prosecution by indictment. Defendant's written waiver constitutes a part of the plea agreement that has previously been lodged with the Court. Thereafter, the matter came on for a hearing on defendant's plea of guilty in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge in open court and on the record.

In consideration of that hearing and the statements made by the defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for defendant,

I FIND as follows:

(1) that defendant understands the nature of the charge against him to which the plea is offered;

(2) that defendant understands his right to trial by jury, to persist in his plea of not guilty, to the assistance of counsel at trial, to confront and cross-examine adverse witnesses, and his right against compelled self-incrimination;

(3) that defendant understands what the maximum possible sentence is, including the effect of the supervised release term, and defendant understands that the sentencing guidelines are advisory, not mandatory, and that the Court may sentence outside those guidelines;

(4) that the plea of guilty by the defendant has been knowingly and voluntarily made and is not the result of force or threats or of promises apart from the plea agreement between the parties;

(5) that defendant is competent to plead guilty;

(6) that the defendant understands that his answers may later be used against him in a prosecution for perjury or false statement;

(7) that defendant understands that by pleading guilty he waives the right to a jury trial;

(8) that defendant understands the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence;

(9) that there is a factual basis for the defendant's plea; and further,

I RECOMMEND that the Court accept the defendant's plea of guilty.

IT IS ORDERED that any objection to the guilty plea proceedings and any request for supplementation of those proceedings be made by the parties in writing and shall be specific as to the objection or request made. All objections or requests for supplementation shall be filed within ten (10) days of the date of service of a copy of these findings unless extended by an Order of the assigned district judge.

IT IS FURTHER ORDERED that any letters, documents, etc. that the defendant wants the Court to consider before sentencing must be filed with the district court seven (7) calendar days before the sentencing or the letters, documents, etc. may be deemed untimely.

DATED this 3rd day of October, 2005.

_____
David K. Duncan
United States Magistrate Judge